IN THE SUPREME COURT OF THE STATE OF DELAWARE

COLE J. LITTLETON, §
§
Defendant Below, § No. 451, 2017
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID Nos. 1501010318A (S)
§ & 1601003441 (S)
Plaintiff Below, §
Appellee. §

Submitted: November 30, 2017
Decided: January 25, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ** Justices.

## **O R D E R**

This 25th day of January 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Cole J. Littleton, filed this appeal from the Superior Court's denial of his motion for correction of an illegal sentence under Superior Court Criminal Rule 35(a). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Littleton's opening brief that his appeal is without merit. We agree and affirm.

(2) On July 22, 2015, Littleton pled guilty to Burglary in the Third Degree and Possession of Drug Paraphernalia in Criminal ID No. 150101318A. The

Superior Court sentenced Littleton as follows: (i) for Burglary in the Third Degree, three years of Level V incarceration, with credit for twenty-seven days previously served, suspended for one year of Level II probation; and (ii) for Possession of Drug Paraphernalia, a fine of $200.

(3)    In January 2016, Littleton was charged with a violation of probation ("VOP").  He was also charged with new crimes, including multiple counts of conspiracy, in Criminal ID No. 1601003441.  On January 21, 2016, the Superior Court found Littleton had violated his probation, but deferred sentencing until the new charges were resolved.  As to the new charges, Littleton ultimately pled guilty to two counts of Conspiracy in the Third Degree.

(4)    On May 27, 2016, the Superior Court sentenced Littleton for his VOP and new convictions.  Littleton was sentenced as follows: (i) for Burglary in the Third Degree, two years and eleven months of Level V incarceration, balance suspended for one year of Level IV Residential Substance Abuse Treatment ("RSAT"), balance suspended upon successful completion, followed by one year of Level III Aftercare; and (ii) for each Conspiracy in the Third Degree conviction, one year of Level V incarceration, balance suspended for one year of Level II probation.

(5)    In February 2017, Littleton was again charged with a VOP.  On February 10, 2017, the Superior Court found Littleton violated his probation.  On March 23, 2017, the Superior Court sentenced Littleton as follows: (i) for Burglary

2

in the Third Degree, two years and eleven months of Level V incarceration, with credit for 223 days previously served, balance suspended upon successful completion of the Level V Key program for one year of Level IV RSAT, balance suspended upon successful completion, followed by six months of Level III probation; and (ii) for each Conspiracy in the Third Degree conviction, one year of Level V incarceration, balance suspended for one year of Level III probation.

(6) On May 22, 2017, Littleton filed a motion for modification of sentence and a motion to receive credit for 149 days of previously served Level IV VOP time in Criminal ID No. 150101318A. The Superior Court denied the motion for modification of sentence and granted the motion to receive credit. On June 27, 2017, the Superior Court corrected Littleton's VOP sentenced as follows: (i) for Burglary in the Third Degree, effective March 23, 2017, one year, eight months, and fifteen days of Level V incarceration, balance suspended upon successful completion of the Level V Key program for one year of Level IV RSAT, balance suspended upon successful completion, followed by six months of Level III probation; and (ii) for each Conspiracy in the Third Degree conviction, one year of Level V incarceration, balance suspended for one year of Level III probation. The Superior Court noted that this accounted for all of the time Littleton had previously served.

(7) On July 17, 2017, the Littleton filed a motion to clarify his sentence. Littleton contended that the time to complete the Level V Key program, Level IV

3

RSAT, and Level III probation would exceed the one year, eight months, and fifteen days remaining on his Burglary in the Third Degree sentence. The Superior Court denied the motion on August 31, 2017, finding the sentence was appropriate for the reasons stated at sentencing and that Littleton would have sufficient time to complete the programs.

(8) On October 2, 2017, Littleton filed a motion for correction of illegal sentence. Littleton argued that the Level IV and Level III time imposed in the June 27, 2017 sentence would exceed the approximately four months of Level V time he would have remaining on his Burglary in the Third Degree sentence by the time he completed the Level V Key program. In an order dated October 5, 2017, the Superior Court denied the motion. The Superior Court held Littleton received credit for all time previously served, there was sufficient time for him to complete the Level V Key and Level IV RSAT programs, and failure to complete those programs could result in a VOP and re-sentencing. This appeal followed.

(9) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[1] A sentence is illegal under Superior Court Criminal Rule 35(a) if it exceeds the statutory limits, violates double jeopardy, is ambiguous or internally contradictory, omits a term required to be imposed by statute, or is not authorized by the judgment

---

[1] *Weber v. State*, 2015 WL 2329160, at *6 (Del. May 12, 2015).

4

of conviction.[2]  When a defendant violates the terms of his probation, the Superior Court may re-impose any portion of a previously suspended prison term.[3]  In his opening brief, Littleton argues that his Burglary in the Third Degree VOP sentence is illegal because it exceeds the one year, eight months, and fifteen days of Level V time remaining on the three-year maximum sentence he received for Burglary in the Third Degree.

(10)  The Superior Court did not err in denying Littleton's motion for correction of an illegal sentence.  As the State argues in its motion to affirm, Littleton's claim is not ripe.  He has not yet completed the Key V program and he offers nothing to support his speculation that he cannot complete his Burglary in the Third Degree VOP sentence within the time remaining on that sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[3] 11 *Del. C.* § 4334(c).